THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSÉ VÉLEZ CRUZ, Defendant and Appellant.

No. 6372. Argued February 23, 1937.—Decided June 3, 1937.

*José M. Valentín Esteves* for appellant. *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The People of Puerto Rico presented an information against Juan Vélez Cruz and José Vélez Cruz for the crime of mayhem. The jury before whom the case was tried acquitted Juan Vélez Cruz, probably because they did not believe that he actually inflicted the wound that injured Juan Alicea, the prosecuting witness.

The theory of the Government was that after Juan Alicea had left a certain shop, he met the brothers Vélez Cruz on the road and they accused him of being a stool-pigeon of the police with respect to those who had stills (*alambiques*) and, according to the prosecuting witness, maimed him.

The prosecuting witness also testified that the mother of José Vélez Cruz tried to prevent her sons from injuring Alicea and while trying to do it was herself hurt.

The theory of the defense was that Alicea came to the house of the Vélez Cruz while he was drunk and attempted to assault the mother of these young men and that they had to intervene to defend her. It was clearly brought out at the trial, among other things, that Alicea never before had been at the house of the Vélez Cruz and in general the jury before whom the case was tried had a right to believe the testimony of the Government and to convict José Vélez Cruz. This would dispose of the sixth assignment of error.

The first assignment of error was that the court erred in refusing to admit the testimony of the defendant's witness, Attorney Buenaventura Esteves. This assignment of error is insufficient as by itself it gives us no idea of what happened, but we shall discuss the assignment to a limited extent.

While Juan Alicea was on the witness stand he was asked a fair number of questions as to whether a prosecution was not pending against him in Aguadilla for having assaulted and battered the mother of José Vélez Cruz. One of the discussions between the parties was whether this pend-

ing prosecution was begun by the police or by the defendants themselves.

Then Buenaventura Esteves, in absence of the jury, was put upon the stand to say in effect that he had been requested to intervene in the case against Alicea and that he had been named special prosecutor by the Attorney General of Puerto Rico. After hearing the witness a little further the District Court of Aguadilla decided that his testimony was totally immaterial, tended to mislead the jury and, for other reasons that are unnecessary to specify, would not admit the evidence. It transpired that Alicea had not been arrested.

When Alicea was on the witness stand and was being cross-examined as to the pendency of this charge against him, none of the testimony was objected to and of course the court has a wide discretion in the period of the cross-interrogatory. Nevertheless, we have the idea that the court, if objection had been made, might, in this particular case, have excluded the testimony, as in no way did it tend, legally at least to impugn the testimony of Alicea.

The testimony, however, of Buenaventura Esteves was inadmissible more or less for the reasons given by the trial court.

In this regard Wigmore, in his treatise on Evidence (2nd ed.) vol. 2, sec. 982, p. 365, says:

"In Courts adopting either of the above attitudes, attention is sometimes given to distinguish misconduct itself from a mere *accusation of misconduct*. Where this is done, it follows that a mere *arrest or indictment* will not be allowed to be inquired after; since the fact of arrest or indictment is quite consistent with innocence, and since the reception of such evidence is merely the reception of somebody's hearsay assertion as to the witness' guilt. To admit this would involve a violation both of the Hearsay rule and of the rule forbidding extrinsic testimony of misconduct. The only possible ground for allowing the extraction of such facts is that the merely having been arrested or charged is a disgraceful situation which indicates something lacking in the witness' respectability of character.

Such a notion is quite consonant with social ideas in England, at least in a former generation; accordingly we find the fact of arrest on indictment is there treated (and indeed assumed without question) as relevant, in the rulings of the early 1800s. But this notion has no sound justification, and it carries the injustice of subjecting the witness to suspicion without giving him an opportunity to clear it away. It should be understood by all Courts that the only relevant circumstance is actual conduct—i. e. the fact, not the charge, of having misbehaved. If it is improper to prove this by extrinsic testimony on the stand, it is doubly improper to attempt to prove it by hearsay, and trebly improper when accompanied by a prohibition of any rebuttal of the hearsay by the witness or by others on his behalf.''

So far as the testimony of Esteves would tend to contradict Alicea, it would be inadmissible inasmuch as it referred to collateral matter. Wigmore on Evidence (2nd ed.), vol. 2, secs. 1001 and 1002.

■ There were various reasons given by the court for not allowing the defense to send for the clerk of the municipal court to show a prosecution against Alicea. In the exercise of its discretion it not only had a right to deny this offer, made late at the trial, but was justified in refusing it on similar grounds to those already discussed. This disposes of the second assignment of error.

We do not think that the court committed error at all in permitting the following question on cross-examination of one of the defendants' witnesses, ''Tell me, who is the lover of Filomena?'' We can see no abuse of discretion and the error, if any, was harmless.

Equally harmless were the attempts on the part of the district attorney to show the bad reputation of the defendant. This was the subject of the fourth assignment.

The fifth assignment of error is founded on the fact that the court denied a motion for a new trial. As the motion for new trial only covered matters heretofore discussed no error was committed.

The judgment should be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.